IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARK BRYSON,

                    Plaintiff,

        v.

DIOCESE OF CAMDEN, NEW JERSEY,

                    Defendant.

Civil Action
No. 12-499 (JBS-KMW)

**MEMORANDUM OPINION**

**SIMANDLE,** Chief Judge:

    This matter comes before the Court on Plaintiff Mark
Bryson's appeal [Docket Item 62] of Magistrate Judge Karen M.
William's February 21, 2013 Order [Docket Item 54] limiting the
scope of discovery before the Court holds a preliminary hearing
on equitable tolling of the applicable statute of limitations.
The Court heard oral argument on April 8, 2013. The Court will
affirm the February 21, 2013 Order because it was neither
clearly erroneous nor an abuse of discussion. The Court finds as
follows:

    1.   Plaintiff, who was born in 1961, alleges that Father
Joseph Shannon, a priest in the Defendant Diocese of Camden
("Diocese"), sexually molested him when Plaintiff was in the
first grade. Plaintiff alleges negligence and breach of
fiduciary duty claims against Defendant.[1] Defendant filed a

_____

[1] Plaintiff also alleged violation of the New Jersey Child Sexual
Abuse Act, but the Court dismissed this claim. Bryson v. Diocese

motion to dismiss [Docket Item 10] arguing, <u>inter alia</u>, that the statute of limitations bars Plaintiff's claims because the abuse occurred over 40 years ago. Plaintiff alleges he suffered traumatic amnesia and repressed memories of the abuse until February 10, 2010, when he saw an adult male who triggered memories of Father Shannon. Plaintiff thus argues that he is entitled to the benefit of New Jersey's discovery rule, an equitable doctrine that tolls the applicable statute of limitations until Plaintiff knew of the wrong suffered.

2.   In an Opinion and Order [Docket Items 27 & 28] addressing Defendant's motion to dismiss, the Court ordered a preliminary hearing to determine the applicability of the equitable tolling doctrine. At this hearing, "Plaintiff will have the burden of establishing that his remaining claims are timely as a matter of equitable tolling. . . ." <u>Bryson v. Diocese of Camden, N.J.</u>, -- F. Supp. 2d --, CIV. 12-499 JBS-KMW, 2012 WL 5511720, at *8 (D.N.J. Nov. 14, 2012). The Court further explained that

> Plaintiff may present arguments and evidence that he fully repressed memories of his abuse until February 2010 and that to deny his claim would be inequitable, and Defendant may present arguments and evidence that defending a law suit long after the alleged injury is unjust and outweighs Plaintiff's interest in pursuing his claim against the Diocese.

---

of Camden, N.J., -- F. Supp. 2d --, CIV. 12-499 JBS-KMW, 2012 WL 5511720 (D.N.J. Nov. 14, 2012)

Id. at *8. The basis for a preliminary hearing to determine the propriety of equitable tolling was espoused in Lopez v. Swyer, 62 N.J. 267 (1973), and the hearing is often referred to as a Lopez hearing.

3.     After the Court ordered the Lopez hearing, Plaintiff submitted interrogatories instructing Defendant to "Describe in full detail the burden or prejudice to the Diocese of Camden in defending this lawsuit." [Docket Item 62-3 at 1.] Defendant responded that "[t]he general claim against the Diocese is negligent supervision . . . ." [Docket Item 62-3 at 1.] Defendant then listed 28 Diocesan officials who supervised Father Shannon and who are now deceased. [Docket Item 62-3 at 1-3.]

4.     Plaintiff wrote a letter to Magistrate Judge Williams [Docket Item 49] asserting that the Diocese's response was not sufficient because

> The question posed in the Interrogatory is how is the
> Diocese *prejudiced* . . . . The Diocese's answer does
> not remotely address this question . . . . The Diocese
> does not answer what these witnesses knew or should
> have known about Father Shannon and his suitability
> for the ministry and/or sexual interest in boys.
> Without this critical information, no one can
> determine how or why the Diocese is prejudiced.

[Docket Item 49 at 2.] The Diocese responded to this letter by stating, inter alia, "The Diocese does not know whether these individuals had any knowledge which would be admissible at trial

3

– because these individuals are long since dead." [Docket Item 51 at 2.]

    5.    Magistrate Judge Williams held proceedings on February 19, 2013 to address various disputes regarding the scope of discovery for the preliminary hearing.[2] At the February 19, 2013 hearing, the Magistrate Judge addressed "plaintiff's request to direct defendants to respond further to the interrogatories . . . ." (Feb. 19, 2013 Hr'g Tr. 7:2-3.) Defendant's counsel promised to supplement its interrogatory answers "[t]o identify individuals who were in supervisory or similar type roles for the priest and Father Shannon during the time period when he was a priest and before the alleged abuse." (Feb. 19, 2013 Hr'g Tr. 7:14-17.) Plaintiff's counsel argued that this supplementation was insufficient because

> they identified people, but they didn't identify how the unavailability of these now deceased witnesses actually causes burden or prejudice . . . . Their unavailability, unless these witnesses have something material and relevant is not prejudice at all. In fact, it may well be prejudice to the plaintiff's, if these are witnesses who knew or were in a position to know that Father Shannon had an interest in young boys.

(Feb. 19, 2013 Hr'g Tr. 8:12-22.) The Magistrate Judge held, "That's not the issue . . . . the issue is whether plaintiff's

---

[2] Although this appeal only addresses one disputed issue, the disputes were numerous. For example, the parties filed twelve letters on the docket regarding their discovery disputes. [Docket Items 35, 41, 44, 45, 47, 48, 49, 50, 51, 56, 58, & 60.]

entitled to toll of the statute." (Feb. 19, 2013 Hr'g Tr. 9:3-7.) The February 21, 2013 Order memorialized this ruling: paragraph two mandated that "Defendant shall supplement its answers to Plaintiff's interrogatories as discussed on the record during the conference . . . ." (February 21, 2013 Order at 1 ¶ 2.) The Diocese then submitted a supplemental response to Plaintiff's interrogatories, identifying one chancellor who is not deceased and 18 members of the priest personnel board, nine of whom are deceased. [Docket Item 64-1 at 4-5.]

6.   Plaintiff appeals [Docket Item 62] paragraph two of the February 21, 2013 Order, cited above. Plaintiff asks the Court to order Defendant "to specifically disclose *how* and *why* the Defendant is prejudiced by the unavailability of these witnesses." (Pl. Appeal Mem. at 6.) Plaintiff argues:

> The question posed is *how* is the Diocese *prejudiced* in having to defend the lawsuit. The Diocese does not remotely answer the question as they do not state what these individuals knew or should have known about Father Shannon and his suitability for the ministry and/or sexual interest in boys. . . . Indeed, it begs the question, with all these unavailable witnesses, is it not the plaintiff rather than the Defendant who is prejudiced since he must prove that the Diocese was negligent?

[Docket Item 62-1 ("Pl. Appeal Mem.") at 5-6.] Plaintiff argues that "[t]he Diocese's position that its defense . . . is prejudiced by the death of certain individuals 'opens the door' for Plaintiff to gain discovery as to which living witnesses and

5

documents bear on the issue of what was known to the Diocese of Camden about Father Shannon's suitability for the ministry." (Pl. Appeal Mem. at 6.)

7.   Plaintiff also argues that the February 21, 2013 Order "denie[s] Plaintiff an opportunity to conduct discovery concerning the *facts* of an important issue for purposes of the Lopez hearing," "inhibits the Plaintiff's opportunity to cross-examine any witnesses who might claim the Diocese has been prejudiced," and denies Plaintiff "any opportunity to present counter-evidence." [Docket Item 67 ("Pl. Reply") at 3.][3]

8.   Plaintiff asks the Court to "order Defendant to furnish better responses to Second Set of Interrogatories" and order Defendant "to respond fully" to these interrogatories.[4] (Pl. Appeal Mem. at 7-8, 10.)

---

[3] Defendant filed a Sur-Reply noting that Local Civil Rule 72.1(c) "implies that a reply brief is permitted only if there is a cross-appeal." [Docket Item 68.] The Defendant asked the court to consider its Sur-Reply brief [Docket Item 68-1] if the Court considers Plaintiff's Reply. The Court declines to determine, at this time, whether Local Civil Rule 72.1(c) permits a reply brief when there is no cross-appeal. The Court has considered both Plaintiff's Reply and Defendant's Sur-Reply.

[4] Plaintiff also asks the Court to order Defendant to

> produce the personnel file(s) and records of Father Shannon and identify all witnesses with knowledge of Father Shannon's unsuitability for ministry, including but not limited to victims, complainants, whistleblowers, and others who have any information that Father Shannon had a sexual interest in minors.

9.   Defendant argues that the relief Plaintiff seeks is unclear, that Plaintiff did not properly submit an appeal regarding the Magistrate Judge's ruling regarding personnel files, that the Magistrate Judge's ruling was neither clearly erroneous nor an abuse of discretion, and that Plaintiff's appeal is premature because discovery for the preliminary hearing is ongoing. Defendant notes that it made a witness available for a Rule 30(b)(6) deposition on the issue of prejudice and Plaintiff adjourned the deposition. [Docket Item 68-1 at 3.] That deposition of Defendant's records custodian, Father Hughes, is being rescheduled. The contours were discussed at oral argument and are outlined below.

10.   The only issue presently before the Court upon appeal is whether paragraph two of the February 21, 2013 Order was

---

(Pl. Appeal Mem. at 8.) Plaintiff further asserted that "all records which address Father Shannon's suitability for the ministry, complaints about his behavior with boys, and witnesses who have knowledge of this information must be produced." (Pl. Reply at 5.) The February 19, 2013 Hearing and the February 21, 2013 Order did not address production of Shannon's personnel file or other records regarding Shannon's suitability for the ministry. Local Civil Rule 72.1(c)(1)(A) requires a party appealing a magistrate judge's order to "specifically designate the order or part thereof appealed from and the basis for objection thereto." Plaintiff has not provided this information to the Court and has not provided the Court any context to review the Magistrate Judge's rulings regarding personnel files and other records. The Court has not addressed Plaintiff's arguments regarding Father Shannon's personnel file because that issue is not properly before the Court.

clearly erroneous or an abuse of discretion.[5] The February 21, 2013 Order is non-dispositive because it addresses a discovery dispute, and "[i]t is well-established that a magistrate judge's ruling concerning discovery is non-dispositive." <u>V.Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc.</u>, 2011 U.S. Dist. LEXIS 38637, at *14 (D.N.J. Apr. 8, 2011). When a magistrate judge decides a non-dispositive motion, the "district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law." <u>Cipollone v. Liggett Group, Inc.</u>, 785 F.2d 1108, 1120 (3d Cir. 1986); <u>see also</u> L. Civ. R. 72.1(c)(A)(1) ("A Judge shall consider the appeal . . . and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.")

11.  A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Bobian v. CSA Czech Airlines</u>, 222 F. Supp. 2d 598, 601 (D.N.J. 2002). This standard is difficult

---

[5] In their briefing, the parties argued issues that are not presently before the Court, including whether Plaintiff is entitled to equitable tolling and whether the Diocese negligently supervised Father Shannon. The Court will address these issues in due course, but not in the present Opinion, which addresses an appeal of a Magistrate Judge's decision in a discovery dispute.

and becomes even more difficult when the appeal involves a
discovery decision. "There is particularly broad deference given
to a magistrate judge's discovery rulings." Farmers & Merchants
Nat. Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572,
585 (D.N.J. 1997). A magistrate judge's discovery ruling "is
reversible only for abuse of discretion." Kresefky v. Panasonic
Communications & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996).

12.   The relief that Plaintiff requests is unclear.
Plaintiff asks the Court to "order Defendant to furnish better
responses" to interrogatories. (Pl. Appeal Mem. at 10.)
Plaintiff has not provided any guidance on what specifically the
Court would order the Defendant to do, other than to require
Defendant to produce all the relevant documents in its
possession so that the Plaintiff could determine if the
Defendant is truly prejudiced by the deceased potential
witnesses.

13.   The purpose of the preliminary hearing is to determine
whether the Plaintiff is entitled to equitable tolling of his
claims; if he is not so entitled, then the statute of
limitations will bar his claims and the case will be dismissed.
The scope of discovery for a preliminary hearing is limited.
See Energetics Sys. Corp. v. Advanced Cerametrics, Inc., CIV.
95-7956, 1996 WL 130991, at *2 (E.D. Pa. Mar. 15, 1996) ("only

9

that discovery that relates to the narrow focus of the preliminary injunction hearing will proceed on an expedited basis"); see also Exclusive Supplements, Inc. v. Abdelgawad, CIV. 12-1652, 2013 WL 160275, at *1 (W.D. Pa. Jan. 15, 2013) ("The parties shall be allowed to engage in expedited discovery of information relevant to the upcoming preliminary injunction hearing only.")

14.  The Lopez court noted that "statutes of limitations are statutes of repose and the principal consideration underlying their enactment is one of fairness to the defendant." Lopez, 62 N.J. at 274. Defendant should not be required to comply with discovery requests that exceed the scope of the preliminary hearing. Here, Plaintiff seeks discovery on this case that is indistinguishable from merits discovery on the issue of supervisory liability.

15.  The Magistrate Judge reasonably limited the scope of discovery for the preliminary hearing by ensuring that Defendant identified all individuals, not simply the deceased individuals, who supervised Father Shannon before the alleged abuse. (Feb. 19, 2013 Hr'g Tr. 7:14-17; February 21, 2013 Order at 1 ¶ 2.) Plaintiff did not offer the Magistrate Judge any alternative mechanism for recognizing the limited nature of the discovery required to prepare for the equitable tolling hearing. Instead,

Plaintiff appears to seek plenary discovery relating to the
ultimate merits of this lawsuit. For example, Plaintiff argues
that he:

> requires discovery to present evidence at the Lopez
> hearing that Defendant has not suffered prejudice
> because there is ample evidence from living witnesses
> and available documents which would prove that the
> Diocese of Camden knew that Father Shannon was
> dangerous to be around boys and was unfit to serve as
> a priest before and during the time he sexually abused
> Plaintiff.

(Pl. Reply at 2.)

16. Plaintiff argues that the mere fact that almost all of
Father Shannon's superiors are deceased does not itself
demonstrate prejudice. Plaintiff seeks to require the Defendant
to disclose what these deceased supervisors knew that would have
made them witnesses in this case. The Diocese has answered that
it cannot know what they knew because they have died, but that
it suspects from other information in its possession that none
of them had knowledge of Shannon's alleged misconduct before or
during the time of his encounters with Plaintiff in the 1968-
1970 time frame because no record of a complaint of Shannon's
misconduct was made before about 1989-1990. In any event, an
argument about the strength of the Diocese's claim of prejudice
due to the passage of time is premature. Prehearing discovery
has indeed required the Diocese to sharpen and focus its
position on prejudice. The Court agrees that the Defendant

11

should not be required to speculate in a more detailed interrogatory answer about what these supervisors would have said if called as witnesses.

17. The Diocese has indeed twice supplemented its answers to Interrogatories Nos. 1 & 2 that are at issue here. The First Supplemental Response was served on February 26, 2013 [Cert. of William J. Desantis, ¶ 6 Ex. A thereto (Docket Item 64)] and the Second Supplemental Response was served on April 5, 2013, as reviewed at the oral argument herein. Collectively, these responses indicate the names of witnesses who died and several who are living, as well as details of the unavailability of records pertaining to Plaintiff Bryson's health, education, and places of employment. Perhaps significantly, the Diocese does not claim that it lacks records about Father Shannon, who is still alive, and his personnel folder and records of the post-1990 investigations still exist.

18. By the same token, the Defendant will be limited at the Lopez hearing to evidence of prejudice that it disclosed to Plaintiff in its answers to interrogatories and other discovery. It would be unfair to permit Defendant to adduce evidence of its prejudice that was not substantially provided to Plaintiff in answer to specific discovery requests on this point. As discussed at the hearing, Defendant's deadline for supplementing

12

its discovery responses will be April 30, 2013, which is also the date for concluding all discovery for the Lopez hearing.

19. If Plaintiff's equitable tolling argument is meritorious, then Plaintiff will certainly be entitled to subsequent discovery regarding the ultimate issues in this action. But discovery for a preliminary hearing is limited. Plaintiff has not cited any case law showing that the Magistrate Judge's decision to limit discovery was clearly erroneous and an abuse of discretion.

20. Plaintiff's appeal [Docket Item 62] of the Magistrate Judge's February 21, 2013 Order is denied. The accompanying Order will be entered.

21. Rule 30(b)(6) Deposition. Although not the subject of the present appeal, counsel and the Court discussed the upcoming deposition of Father Hughes who has been identified as the custodian of Diocesan records for this case. Because the existence or the absence of records due to passage of time is relevant to Defendant's claim of prejudice, the Plaintiff has the opportunity to discover what types of records were and are maintained by the Diocese that may affect Defendant's ability to defend these claims that arose in the 1960's. The denser the accumulation of reliable documents reflecting Father Shannon's

13

behavior in that time frame[6], the lesser may be the prejudice to Defendant caused by the passage of time, including from the deaths of so many potential witnesses. As discussed at oral argument, such inquiry may also concern availability of witnesses identified in the Shannon personnel file or other investigatory files as persons who may have knowledge of Shannon's conduct in the relevant time period. As to one fact, the prospect of in camera inspection of documents is open, namely, whether the files of the Diocese contain information prior to 1989 reflecting the Diocese's prior knowledge of Shannon's sexual misconduct; if the witness's answer after inspection of these files is No, then the Plaintiff may apply for in camera inspection by Magistrate Judge Williams to verify the answer. The overall purpose of this Rule 30(b)(6) procedure accompanied by the possibility of in camera inspection is to provide discovery of the types or categories of documents and possible witnesses that are available or unavailable to the Diocese if called on to defend these very old allegations. The purpose is not to provide plenary discovery of the contents of such documents.

---

[6] Plaintiff's questioning of the records custodian is not limited to documents or files from the 1960's. Reasonable inquiry is permitted into the existence or not of later documents that may help to ascertain the Defendant's ability to defend against allegations of Shannon's sexual misbehavior, if any, that occurred in the 1960's.

## Conclusion

22.   For these reasons, the Court finds that the Order of February 21, 2013 is not clearly erroneous or contrary to law. Coupled with other discovery relating to Defendant's claim of prejudice caused by the passage of time, the Plaintiff has the opportunity to be fully informed as to Defendant's contentions before the upcoming <u>Lopez</u> hearing. The Order of February 21, 2013, will be affirmed.

23.   The parties shall complete their pre-hearing discovery on the statute-of-limitations issues of restored memory and prejudicial passage of time by April 30, 2013. The parties will promptly follow the agreed upon procedure for the upcoming Rule 30(b)(6) deposition of Defendant's document custodian Father Hughes, outlined above. Defendant's deadline for supplementing its discovery responses with newly discovered information will be April 30, 2013.

24.   <u>Motion and Hearing Schedule</u>. Defendant is contemplating a dispositive motion to strike Plaintiff's proposed expert testimony. Any such motion shall be filed by May 10, 2013, and shall be returnable before the undersigned at a hearing on Thursday, June 20, 2013 at 10:00 a.m. Opposition is due May 28, 2013, and any reply is due June 7, 2013.

15

25.   If Defendant files no dispositive motion, then briefing for the Lopez hearing will commence. Plaintiff's brief regarding equitable tolling of the statute of limitations will be due May 17, 2013. Defendant's opposition will be due May 31, 2013. Any reply brief is due June 7, 2013. The Lopez hearing will commence on Thursday, June 20, 2013 at 10:00 a.m.

26.   The accompanying Order will be entered.


**April 11, 2013**                     **S/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge


16